IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRAVIS RAY POWELL,                                      CV. 05-295-KI

              Petitioner,                    OPINION AND ORDER

   v.

STANLEY CZERNIAK,

              Respondent.


Francesca Freccero
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

     Attorney for Petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

     Attorneys for Respondent

KING, Judge

     Petitioner, an inmate at the Oregon State Correctional

Institution, brings this habeas corpus proceeding pursuant to 28

1 -- OPINION AND ORDER

U.S.C. § 2254.    For the reasons set forth below, petitioner's habeas corpus petition (#1) is DENIED.

## BACKGROUND

On November 17, 2000, petitioner was convicted of conspiracy to commit aggravated murder and two counts of conspiracy to deliver a controlled substance.  Petitioner appealed his conviction to the Oregon Court of Appeal.  The Oregon Court of Appeals affirmed petitioner's conviction, and petitioner did not seek review by the Oregon Supreme Court.

Petitioner subsequently filed a state post-conviction proceeding alleging that he received ineffective assistance of trial and appellate counsel, and that he was denied due process. The state post-conviction court summarily dismissed the petition, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

## DISCUSSION

It is uncontested that petitioner procedurally defaulted his available state remedies by failing to raise any federal constitutional claims in his state post-conviction appellate briefing.  Accordingly, habeas corpus relief is precluded absent a showing of cause and prejudice, or that failure to consider petitioner's claims will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

2 -- OPINION AND ORDER

Petitioner argues that his procedural default should be excused on the basis that state post-conviction appellate counsel was so dismissive of petitioner's request "to 'federalize' his issues on [post-conviction] appeal", that counsel was not acting as an agent for petitioner.  In this regard, petitioner recognizes that the Supreme Court has held that ineffective assistance of post-conviction counsel does not constitute cause sufficient to excuse a procedural default.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991).  However, petitioner argues that the holding in Coleman is inapposite because post-conviction appellate counsel was not truly acting as petitioner's agent.

Judges of this court, including myself, previously have rejected this agency argument, holding that a claim that post-conviction counsel failed to act as petitioner's agent is not cause to excuse a procedural default absent a showing that counsel acted under a conflict of interest.  See Goodard v. Hill, 2006 WL 3227886 *2-*3 (D.Or. 2006); Butcher v. Czerniak, 2006 WL 176753 *2-*3 (D.Or. 2006); Worley v. Thompson, 2005 WL 3019498 *2-*3 (D.Or. 2005); Thomas v. Cook, 2004 WL 1723948 (D.Or. 2004); see also Fairman v. Anderson, 188 F.3d 635, 643, reh'g & reh'g en banc denied, 200 F.3d 813 (5th Cir. 1999).  I adhere to the reasoning in those cases.  Accordingly, petitioner's procedural default precludes federal habeas corpus relief.

///

**CONCLUSION**

Based on the foregoing, petitioner's habeas corpus petition (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this __13th__ day of February, 2007.


/s/ Garr M. King_____
Garr M. King
United States District Judge